NATHAN WOOD *vs.* IRA STEWART.

ADDISON.
*January,*
1835.
Wood
*vs.*
Stewart.

When a deposition contains matter improper to be given in evidence, it should not be delivered to the jury, but the party should be permitted to read only such parts as are admissible.

Where in a written contract, a party was under obligation not to sell a factory, .&c. without giving ninety days notice, and likewise allowing him a preference. It was held that such notice might be proved by circumstances, as the acts of the parties, &c.

The party for whose benefit such notice is to be given, may, by his conduct, waive the same.

This was an action on a contract in relation to carrying on and selling a cotton factory. On the hearing of this cause the plaintiff read in evidence a written contract between plaintiff and defendant, dated June 30, 1830, a clause of which reads as follows,—

" And further it is agreed that the said Ira shall have the right to dispose of the interest of him and the said Nathan, in the property to which this agreement refers, whenever he shall judge it for the interest of the parties to this contract so to do. Provided however, that said Stewart shall not dispose of nor sell the same, without giving said Wood ninety days notice, and likewise allowing said Wood a preference should said Wood desire to purchase said factory, or said Stewart's claims to the property aforesaid."

The plaintiff also read a lease from James W. Stevens to Joseph Hough, dated July 25, 1826, of said factory.

It was admitted by plaintiff and defendant that the defendant sold the factory mentioned in the lease and contract, to Benjamin Marshall in May, 1831.

A deed of assignment from Stevens to Samuel S. Phelps, Ira Stewart and others, was also read, and an assignment or surrender from Hough to them.

The plaintiff gave evidence tending to prove the damages which he had sustained by the breach of the contract, and offered in evidence the deposition of Joseph Hough. This was objected to by the defendant, and the court excluded and struck out so much as was included in brackets.

The defendant introduced evidence tending to prove that the sale of the factory at the time it was sold, was necessary from the situation of the same, and the incumbrances thereon, that Mr. Marshall held a mortgage thereon amounting nominally to about $42,000, and had commenced a suit in chancery to foreclose his mortgage, and an action of ejectment against both the plaintiff and defendant and other persons in possession to obtain possession as

Addison,
January,
1835.
——
Wood
vs.
Stewart.

well as to recover the rents and profits, and that the assignees intended to abandon the same to Marshall, but sold to him as the only safe and practicable course both for themselves and for the interest of the creditors of Stevens.

The defendant then offered to prove by the deposition of James Burt and by Samuel S. Phelps, Esq. that the plaintiff knew of the negotiations going on for the sale and of the intention of the assignees to abandon as aforesaid. And that he advised the assignees to resist the recovery by Marshall as long as practicable, and not give up possession until compelled thereto, and that with those who had an interest in the concern, to wit, the defendant, plaintiff, the assignees and creditors of Stevens, the sale was a subject of daily conversation and consultation—that the plaintiff and defendant were in habits of intimacy, and were concerned together in the factory, and that the plaintiff knew of the sale after the contract was made and before it was completed by defendant and Marshall, and that he was opposed to the sale and requested them to resist the recovery by Marahall, as aforesaid. This was objected to by the plaintiff and admitted by the court, and the witness testified substantially to the above facts.

The plaintiff requested the court to charge the jury that by the contract the defendant was bound to give the plaintiff specific notice of the sale proposed to be made with the terms thereof, ninety days previous to the sale, and that the jury could not infer this from previous propositions for sale, or from the fact that the sale was a subject of consultation and conversation among the persons interested.

Upon this point the court charged the jury that the defendant was bound by the contract to give the plaintiff specific notice of the sale and terms thereof, ninety days before he made any sale; but the jury might believe that such notice was given, from the facts given in evidence as herein before stated. Although there was no direct or positive evidence that such specific notice was given, and if, from the circumstances which were in evidence before them, they believed that such notice was given to the plaintiff, of the sale and terms thereof, ninety days before the sale to Marshall, the plaintiff could not recover.

To the decision of the court both in rejecting the part of the deposition of Hough, and in admitting the testimony objected to, and to the charge to the jury thereon, the plaintiff excepted.

Exceptions allowed by the court and the cause passed to this court for revision.

The following is the part of Hough's deposition included in brackets.

" And this deponent further saith, that when he was informed that the said Stewart had sold out to the Messrs. Marshall, he was greatly surprised, and therefore had several conversations on that subject with the said Ira Stewart. And this deponent further saith, that in one of his conversations with the said Stewart, he, the said Stewart, denied in the most positive and peremptory manner, that he had any interest whatever with the said Marshall. He stated to the deponent that it was an outright sale of the whole property without any reservation whatever, and that he, the said Stewart, had no interest whatever, except as agent for the said Marshall, for which agency he was allowed a liberal salary."

*Mr. Seymour and Mr. Linsley for defendant.*
*Mr. Starr and Judge Phelps for plaintiff.*

The opinion of the court was delivered by ·

WILLIAMS, Ch. J.—The plaintiff declares on a written contract the breach assigned is, that the defendant sold the factory therein mentioned, without giving him ninety days notice as stipulated. The very foundation on which the plaintiff made his claim, was that the defendant had sold the factory. Accordingly, after the contract was read in evidence, the sale was admitted by the defendant. The plaintiff then offered the deposition of Hough, a part of which was excluded by the court. It is difficult when a deposition contains matter improper or irrelevant, at the trial, to separate that which is admissible from that which is not. Probably the better practice would have been for the court to exclude such depositions altogether. Such, however, has not been the practice. When a deposition contains matter which ought not to go to the jury, the depositon should not be delivered to them; but the party should be permitted only to read that part which is admitted. On examining the case we cannot see that it would have been material or pertinent to the controversy to have admitted that part of the deposition excluded. It is only claimed now for the purpose of rebutting testimony which had not then been given in evidence, and the court could not then have anticipated that any thing, to take place thereafter in the course of the trial, would make the part of the deposition excluded, either pertinent or proper testimony. The deposition it seems was not afterwards offered, and if it had have been, the inference which it is now attempted to draw from it is very faint. If the defendant denied the sale to Mr. Hough, he may have ad-

ADDISON,
*January,*
1835.

Wood
*vs.*
Stewart.

ADDISON,
January,
1835.

Wood
vs.
Stewart.

mitted it to the plaintiff. The next objection to the proceedings of the county court arises from their admitting the evidence to prove notice of the sale. My view of that stipulation in the contract is, that it only required that notice of the intention to sell, should be given ninety days, thereby giving to the plaintiff an opportunity of competition with others in purchasing. The county court, however, it seems, considered that notice of the sale and of the terms of the sale should be given. But there is nothing in the nature of this notice which required that it should be proved by positive testimony. It might as well be proved by circumstantial or presumptive evidence, provided it was satisfactory. The fact that a sale was unavoidable, the acts of the plaintiff, the intimacy then subsisting between him and the defendant, his knowledge of the intention to sell, being in habits of daily conversation with the defendant and others concerned, his advice to resist the claim set up against the factory which rendered the sale necessary, were strong circumstances to convince the mind that he actually knew of the sale, as well as the terms thereof. Such evidence was admissible for this purpose. How much was proved by the circumstances thus given in evidence, was for the consideration of the jury. The plaintiff claimed that the court should instruct the jury that the defendant was bound to give the plaintiff specific notice of the sale proposed to be made and the terms thereof, ninety days previous to such sale, and it appears that the court took the same view of the contract. The request that the jury should be instructed, that they could not infer this from the circumstances in evidence, but that it must be proved by direct and positive proof, ought not to have been complied with by the court for the reasons already suggested. Under the charge of the court, the jury must have found that the plaintiff had notice of the sale and terms thereof ninety days before it was completed, and there is nothing in the deposition of Burt which should preclude them from finding the fact. The terms may have been agreed on ninety days before the sale, and that made known to the plaintiff, or the jury may have disbelieved the testimony of Burt if there was any thing in it which appeared at variance with that proposition. The jury were judges of the weight of the testimony, and we think they were warranted in coming to the conclusion which they arrived at. It may be further observed, that the notice required in the contract was intended for the benefit of the plaintiff. His conduct and declarations were clearly equivalent to a waiver of any benefit intended to be secured to him by this notice. The object of it was to give him a preference in the purchase. He at

ADDISON,
January,
1835.

Wood
vs.
Stewart.

no time manifested any intention to purchase nor claim the preference secured to him, but on the contrary he advised and insisted that the asssignees of Stevens, of whom the defendant was one, should resist a recovery by Mr. Marshall, and retain the possession as long as practicable. This they were under no obligation to do; and it would have been very imprudent in them to have taken such a course. A due regard to the interest of themselves and the creditors of Mr. Marshall, required that they should dispose of the factory, and not incur the hazard of losing the whole by an unprofitable lawsuit with Mr. Marshall. If the jury were not authorized to infer that such notice was given, as they were required to find in pursuance of the charge of the court, it would be wholly useless to send the case to another trial where the jury must be told that from the same evidence they should infer that the plaintiff had waived all and every advantage to be derived from or secured to him, by the provision for notice contained in the contract. It is, however, contended that the court erred in charging the jury, that if the fact of notice was proved the plaintiff could not recover, that as the defendant could only sell when he judged it for the interest of the parties to sell it was a violation of his contract with the plaintiff if he sold when it was manifestly against their interest. This part of the charge, however, is only in answer to the request on the subject of notice. Neither the declaration of the plaintiff nor the request of his counsel supposed a fraudulent sale by the defendant. The charge of the court was only, that so far as the claim of the plaintiff depended on his not having any notice of the intended sale, if the jury believed he had such notice, there could be no recovery. But furthermore, the gravamen of the plaintiff's complaint and declaration was, that a sale had been made without giving the plaintiff the preference to which he was entitled, and not that a sale had been made when it was not for the interest of the parties. All considerations, therefore, in relation to the manner of the sale, whether it was proper or improper, should have been excluded from the jury, as the right of the plaintiff to a recovery depended wholly upon the fact that a sale had been made.

The judgment of the county court must be affirmed.